Lynn S. Walsh, OSB #924955
email: walsh@europa.com
610 SW Alder St., #415
Portland, Oregon 97205
Telephone: 503-790-2772

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| GERALD WIESE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF OREGON and TED RANDALL, RN<br><br>    Defendants. | NO.<br><br>COMPLAINT<br>Americans with Disabilities Act (42 U.S.C. 12101 et seq.); Rehabilitation Act (29 U.S.C. § 794); Civil Rights Action (42 U.S.C. § 1983)<br><br>DEMAND FOR JURY TRIAL |

    This lawsuit concerns the defendants' long-standing policy, procedure and practice of denying equipment, assistive devices and appropriate footwear to prisoners with disabilities. In Mr. Wiese' case, defendants failed to provide him appropriate footwear even though he is was a known diabetic, and foot ulcers is a known complication of diabetes. As a result of inadequate footwear, he developed an infection and had to undergo a toe amputation.

Page 1        COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§1983 and 12101 et seq., 29 USC §794, and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Gerald Wiese is an adult currently residing in Portland, Multnomah County, Oregon. During all relevant times, Mr. Wiese was incarcerated at Santiam Correctional Institution (SCI) or Oregon State Correctional Institution (OSCI).

4. Defendant State of Oregon operates the Oregon Department of Corrections ("ODOC") facilities. At all times relevant, the State of Oregon was obligated to accommodate prisoners with disabilities lodged in its facilities.

5. Defendant Ted Randall, RN a nurse at SCI and employee of the ODOC. He is sued in his individual capacity. At all times relevant, he was acting under color of state law.

## FACTUAL ALLEGATIONS

6. Mr. Wiese entered the Oregon Department of Corrections in March 2018. He was initially placed in the Coffee Creek Intake Facility.

7. Upon entry into ODOC, all prisoners are lodged at Coffee Creek Correctional Facility and go through an intake process. The intake process includes a medical screening where a

Page 2    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

prisoner's health problems are noted.  During the health screening, Mr. Wiese notified the ODOC providers of his diabetic condition.  He was placed on insulin and his blood glucose was regularly monitored.

8. People with diabetes are prone to foot ulcers.  Diabetics who use insulin, older men, and those with diabetic related eye disease are more susceptible to foot ulcers.  Mr. Wiese is an older man with diabetic related eye disease.

9. Wearing appropriate shoes and socks is essential in order to reduce the risk of diabetic foot ulcers.

10. Mr. Wiese has extra wide feet.

11. During his time at Coffee Creek, he was given some medical shoes to wear that were far from adequate for a diabetic patient, but were extra wide and thus did not cause any issues with his feet.

12. On May 29, 2018, Mr. Wiese was transferred to SCI.

13. After his arrival at SCI, Mr. Wiese was issued a pair of prison shoes.  These shoes are the standard prison issues shoes commonly known as "Bob Barkers."  Bob Barkers are like a cheap pair of lo-top Converse's without the same structural support.  In Mr. Wiese's case, the shoes were not wide enough, so he asked for wider shoes.  He was told that "he would have to go through medical."

14. On or about June 1, 2018, while at the medical department getting his blood sugar checked and medication, he told Ted Randall, RN that he needed medical shoes because he knew he would be having problems with the issued shoes.  Mr. Randall stated that it would take awhile to get the shoes issued, that Mr. Wiese would have to see the provider to get them issued, and

Page 3    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

that it would take a month or two.  Mr. Randall stated it would be faster for Mr. Wiese to buy his own shoes from canteen.

15.     Unlike many prisoners, Mr. Wiese had the money to purchase adequate shoes from canteen.  Unfortunately, canteen was closed for a couple of weeks, so Mr. Wiese was unable to purchase the shoes.

16.     On or about June 3, 2018, a large blister began appearing on Mr. Wiese's little toe.

17.     On or about June 4, 2018, the blister popped and left a deep wound.

18.     On or about June 5, 2018 at morning med line, Mr. Wiese informed Nurse Randall that the blister had popped and left a deep wound.  Nurse Randall never looked at it, but gave him some bandages and told him to keep it covered.

19.     On or about June 8, 2018, Mr. Wiese ran out of bandages.  There was a different nurse (Krista) at med line that day.  Mr. Wiese explained his situation to Nurse Krista, who was alarmed that he was diabetic with a foot ulcer.  She told him to send a kyte to see the provider immediately.  Mr. Wiese complied.

20.     Mr. Wiese saw NP Gabby Lucas on June 8, 2018.  She immediately noticed the severity of the situation and ordered a podiatry referral, wound care, antibiotics, labs and an extra pillow so he could keep it elevated.

21.     For some unknown reason, NP Lucas's orders were not fully implemented by staff.  The antibiotics were not given as ordered, and the labs and the podiatry referral were not done.  Nurse Randall initialed the orders, so presumably he was responsible for implementing the orders, and failed to do so.

22.     Apparently, NP Lucas only comes to SCI about once a week, and was unaware that her

Page 4    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

orders were not fully implemented. The fact that ODOC is still using paper, handwritten records as opposed to electronic records would have prevented her from making sure her orders were implemented. She was back at SCI on June 15, 2018 and saw Mr. Wiese. The records note that her orders were not followed, and she consulted with the medical director Dr. DiGiulio. The decision was made to send Mr. Wiese to the Emergency Room.

23. Upon admission, plaintiff had a significant fever and lab results indicative of an infection. The decision was made to immediately amputate his toe in order to save his foot and leg. The amputation was successful.

24. Mr. Wiese incurred medical bills for his five day hospital stay for treatment of his infection and amputation.

25. The State of Oregon's failure to address Mr. Wiese's disabling condition is consistent with its unlawful policies of refusing to address issues or provide items or devices that the State describes as "not clearly related to the traditional practice of medicine." Specifically, and contrary to the requirements of the Americans with Disability Act, the State believes that items such as bunk assignment, cell assignment, the need for extra pillows, special shoes, etc. are comfort items and Health Services will not address such requests. This unlawful policy was stated in the April 6, 2018 issue of the Deer Ridge Prints newspaper.

26. A prison newspaper article specifically addressing the State's discriminatory policy of refusing adequate footwear appeared in the August 31, 2018 Oregon State Corrections Institution (OSCI) newspaper called the Oscillator as follows:

Page 5    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

> **From Health Services**
>
> **Shoes:**
> This is a non-medical issue. Shoes are a comfort item not a serious medical issue. Security and clothing room provide these items to you as part of the clothing policy.
>
> You may purchase a variation of shoe choices on canteen. There are rare instances were medical would need to get nvolved in a foot problem.

## FIRST CLAIM FOR RELIEF

### (Americans with Disabilities Act and § 504 of the Rehabilitation Act against Defendant State of Oregon)

27.     Plaintiff realleges paragraphs 1-26.

28.     The prisons comprising of the Oregon Department of Corrections have been recipients of federal funds, and are thus covered by § 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

29.     The prisons comprising of the Oregon Department of Corrections are public entities within the meaning of Title II of the ADA, and provide programs, services or activities to the general public.   Title II of the ADA has essentially the same mandate as Section 504.

30.     At all times relevant to this action, Mr. Wiese was a qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of ODOC.   Specifically, Mr. Wiese is a diabetic which "substantially limits one or more major life activities."  42 U.S.C. §12102.

31.     The Oregon Department of Corrections provides housing, meals, medical and mental

Page 6          COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

health treatment, recreation, work and educational programs to prisoners, which comprise programs and services for Section 504 and Title II purposes.

32. Under the ADA and Rehabilitation Act, the Oregon Department of Corrections is required to accommodate disabled prisoners, provide the same level of medical care to disabled prisoners, and accommodate disabled prisoners in a manner which allows prisoners to participate in the same programs and services as those prisoners who are not disabled.

33. Mr. Wiesen's diabetic condition was well documented in the medical file.

34. The Oregon Department of Corrections personnel was deliberately indifferent in failing to provide Mr. Wiese with reasonable accommodations and other services related to his disability, and denied him the rights and benefits accorded to other inmates, solely by reason of his disabilities in violation of the ADA and Rehabilitation Act in the following particulars:

    a. The Oregon Department of Corrections' policies, procedures and rules discriminate against people with physical disabilities. In particular, the policies, procedures and rules require physically disabled prisoners to pay out of pocket for special shoes without consideration as to whether the shoes are necessary in order to access the programs, services and activities of the prison. This is in violation of the following federal regulations:

    (a) 28 CFR §35.150(b)(1)(ii) which requires a public entity to provide a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is equal to that afforded others;

    (b) 28 CFR §35.150(b)(1)(iv) which requires a public entity to provide a qualified individual with a disability the same aids, benefits, or services that are provided to others; and

    (c) 28 CFR §35.150(1)(vii) which requires a public entity to provide a qualified

Page 7    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

individual with a disability the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

    b. By denying orthopedic or otherwise medically necessary shoes unless a prisoner pays for such shoes, the rules, policies and procedures of the Oregon Department of Corrections have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's programs with respect to individuals with disability.  If a prisoner cannot afford to pay for shoes, or cannot otherwise obtain the shoes, he cannot participate in the programs of the prison such as work, recreation, and other activities.

    b. Under the Americans with Disability Act, ODOC must provide accommodations, including medically required shoes, to ensure the prisoner has equal access to prison services, programs, or activities with the greatest degree of independence.  Thus, medical staff must consider, in addition to the medical necessity of an item, whether the item is necessary to afford a prisoner with a disability his independence and equal access to programs, services, and activities.  In this case, as the OSCI Oscillator states, medical staff does not consider medically required shoes to be a medical issue.

    c. The Oregon Administrative Rules require prisoners to pay for medically necessary footwear.  This is in direct contradiction to 28 CFR §35.130(f) which prohibits a public entity from placing a surcharge on a particular individual with a disability to cover the costs of such measures.

    d. The Oregon Department of Corrections failed to accommodate Mr. Wiese's disability by failing to timely address Mr. Wiese's need for medically necessary shoes, thus leading to his severe infection and amputation, in violation of the Eighth Amendment to the United State

Page 8    COMPLAINT    LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

Constitution;

      e. As a result of not having appropriate footwear, the Oregon Department of Corrections denied Mr. Wiese programs, services, and activities of the prison, e.g., a job, recreation, etc. as a result of his disability.

35.     The Oregon Department of Corrections personnel could have taken readily achievable measures to accommodate Mr. Wiese but failed to do so. A readily achievable measure includes, but is not limited to, providing Mr. Wiese with shoes that fit his wide feet.

36.     The Oregon Department of Corrections personnel failed to implement and enforce appropriate policies and procedures to ensure the provision of necessary accommodations to inmates with disabilities. There is no rule, policy or procedure in place that requires medical practitioners to consider a prisoner's disability and ability to access programs and services when providing medical care. In fact, there is no policy or procedure that informs a prisoner as to how they can go about requesting an accommodation due to a disability.

37.     The Oregon Department of Corrections personnel failed to train and supervise the prison personnel (including the medical providers) to provide necessary accommodations to prisoners with disabilities.

38.     As a direct and proximate result of ODOC personnel's foregoing wrongful acts, defendant State of Oregon discriminated against Mr. Wiese on the basis of his disability in violation of the Americans with Disabilities Act and Rehabilitation Act.

39.     Accordingly, plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial against defendant State of Oregon for the violations of 42 U.S.C. § 12101 et seq., § 504 of the Rehabilitation Act, and for plaintiff's attorney fees and costs pursuant to 29

Page 9    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

USC § 794a(b) and 42 U.S.C. §§ 12205 and 1988.

## SECOND CLAIM FOR RELIEF

### (Civil Rights 42 USC § 1983 against Defendant Randall)

40. Plaintiff realleges paragraphs 1-36.

41. Nurse Randall was deliberately indifferent to Mr. Wiese's serious medical needs and serious risk of harm as follows:

a.  In failing to consider his request for appropriate footwear;

b. In ignoring his ulcer and telling him to keep it bandaged; and

c. In failing to fully implement NP Lucas' orders.

42. As a result of the Nurse Randall's deliberate indifference, he violated Mr. Wiese's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

43. As a result of Nurse Randall's violation of Mr. Wiese's constitutional rights, Mr. Wiese was placed at risk of serious harm, he suffered an infection and resulting amputation, he incurred economic damages for the medical care, and he suffered physical and mental pain and suffering. Accordingly, plaintiff is entitled to economic, non-economic and punitive damages against defendant Randall in an amount to be determined at trial for the violations of 42 U.S.C § 1983 and for plaintiff's attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of plaintiff against defendants for his economic and non-economic damages;

b. For reasonable attorneys' fees and costs pursuant to 29 USC § 794a and 42 U.S.C. §§

Page 10       COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com

1988 and 12205; and

    c. For such other and further relief as may appear just and appropriate.

DATED:   May 29, 2020.

                                                    /s/ Lynn S. Walsh
                                                 Lynn S. Walsh, OSB #92495
                                                 (503)790-2772
                                                 Attorney for plaintiff

Page 11    COMPLAINT

LYNN S. WALSH
OSB# 924955
610 SW Alder St., #415
Portland, OR 97205
503-790-2772
walsh@europa.com